ORIGIN

# In the United States Court of Federal Claims

No. 16-388C
(Filed: December 9, 2016)

* * * * * * * * * * * * * * * * * * * * * * * * *

ARKH ISRA,

       Plaintiff,

v.

THE UNITED STATES,

       Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

FILED

DEC - 9 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss. Plaintiff pro se seeks recission of a loan agreement, a declaration that a mortgage, mortgage note, deed of trust, and security agreement are null and void, damages, and other injunctive and declaratory relief related to his purchase of residential property in North Carolina. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

    Plaintiff pro se Arkh Isra is a United States citizen and resident of North Carolina. Plaintiff filed the instant action in this Court on March 28, 2016, and filed an amended complaint on July 5, 2016. Plaintiff alleges that in November 2009, J.P. Morgan Chase foreclosed on a loan it made to John and Tanya Alexander on a residential property in Charlotte, North Carolina. Am. Compl. 3. Plaintiff further alleges that subsequently the United States Department of Housing and Urban Development ("HUD") obtained title to the property, and, after a series of conveyances to a number of other parties, Plaintiff purchased the property in question from Brighter Day LLC. Id. at 4-5. Plaintiff alleges that he made improvements, both physical and monetary, to the property over a number of years, and attempted to make payments to HUD in an

---

[1]    This background is derived from Plaintiff's amended complaint.

effort to settle any outstanding debts on the property. Id. at 5. Plaintiff alleges that HUD returned the payments, and that he was forcibly removed at gunpoint from the property by an unidentified party. Id. at 5-6.

Plaintiff seeks $206,000 in "pre 1964 specie gold or silver value," as well as compensatory and punitive damages. Id. at 15. Plaintiff also requests that this Court empanel a grand jury, rescind the loan, conduct a jury trial, declare the "mortgage, mortgage note, note, deed of trust, security agreement, etc. and any transfers of title" null and void, and find that Plaintiff "owns in fee simple, and is entitled to the quiet and peaceful possession" of the property, and that Defendant possesses no interest in the property. Id. at 14-16.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal quotations omitted)).

Pursuant to Rule 8(a)(2) of the Rules of the United States Court of Federal Claims, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This is a context-specific analysis requiring the court to "draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Plausibility requires more than a "sheer possibility," that a plaintiff has a right to relief - - the complaint must cross "the line from conceivable to plausible." Id.; Twombly, 550 U.S. at 570.

Plaintiff names the following entities as Defendants in this matter: the state of Alaska, doing business as the International Monetary Fund, the International Monetary Fund doing business as "United States Inc.," the United States doing business as the United States Department of Housing and Urban Development, and J.P. Morgan Chase Bank. Am. Compl. 1. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

Plaintiff relies on a number of statutes and Constitutional provisions as bases for jurisdiction in this Court, including the Truth in Lending Act ("TILA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Hobbs Act, the Civil Rights Act, the Fourth and Seventh Amendments, and various provisions of Title 18 of the United States Code. Plaintiff also invokes 28 U.S.C. § 1332, the federal courts' diversity jurisdiction statute. However, diversity jurisdiction is only available in the district courts, and cannot be used as a basis for jurisdiction in this Court. 28 U.S.C. § 1332(a) (2012).

The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., was enacted to "assure a meaningful disclosure of credit terms" and "the terms of leases of personal property." 15 U.S.C. § 1601 (2012). TILA grants the district courts jurisdiction over civil actions against consumer lessors, and cannot serve as a basis for a claim against the Government. Id. at § 1667d(c); Wilson v. United States, No. 09-795, 2010 WL 1718392, at *3 (April 28, 2010) (noting that TILA does not "create any private right of action enforceable against the federal government for money damages," as it only allows for "enforcement actions by the Federal Trade Commission against private lenders" (emphasis in original)).

Similarly, this Court does not have jurisdiction over the claims Plaintiff raises pursuant to the RICO Act, the Hobbs Act, or the Civil Rights Act, as jurisdiction over suits under these statutes is vested exclusively in the district courts. 28 U.S.C. § 1343(a)(4) (2012) ("The district courts shall have original jurisdiction of any civil action" based on a violation of civil rights); Haka v. United States, 107 Fed. Cl. 111, 114 (2012) (finding that this Court cannot decide "Hobbs Act claims because they either involve criminal code violations or sound in tort"); Dumont v. United States, 85 Fed. Cl. 425, 430 (2009) (finding that this Court "does not exercise jurisdiction over criminal claims, including those arising under the RICO Act.").

Plaintiff also alleges violations of the Fourth and Seventh Amendments, however this Court does not have jurisdiction to entertain these claims, as neither provision is money-mandating. See Capital Eng'g & Mfg. Co., Inc. v. United States, 19 Cl. Ct. 774, 776 (1990) (finding that "there is no seventh amendment right to a jury trial in suits against the

3

government"); <u>LaChance v. United States</u>, 15 Cl. Ct. 127, 130 (1988) ("[T]he fourth amendment does not mandate the payment of money by the United States . . . . As a consequence, this court . . . cannot assert jurisdiction over . . . claims based on the fourth amendment search and seizure provisions . . . ."); <u>Abbas v. United States</u>, 124 Fed. Cl. 46, 55-56 (2015) (finding that this Court does not have jurisdiction over claims brought pursuant to the Seventh Amendment as it is not a money-mandating statute (citing <u>Jaffer v. United States</u>, No. 95-5127, 1995 WL 592017, at *2 (Fed. Cir. 1995)).

Plaintiff further alleges violations of statutes that address the perpetration of fraud schemes through the mail and by wire transfer, 18 U.S.C. §§ 1341 and 1343, as well as 18 U.S.C. § 241, entitled respectively "Frauds and swindles," "Fraud by wire, radio or television," and "Conspiracy against rights." As these statutes are criminal in nature, they do not fall within this Court's jurisdiction. <u>See Joshua v. United States</u>, 17 F.3d 378, 379 (Fed. Cir. 1994) (stating that this Court does not have jurisdiction over criminal matters); <u>Cox v. United States</u>, 105 Fed. Cl. 213, 218 (2012). Plaintiff also alleges "fraud in the inducement," "fraud in the concealment," and intentional infliction of emotional distress. However because these claims sound in tort, this Court lacks jurisdiction to entertain them. <u>Rick's Mushroom Serv., Inc. v. United States</u>, 521 F.3d 1338, 1343 (Fed. Cir. 2008); <u>Phang v. United States</u>, 87 Fed. Cl. 321, 325-26 (2009) (finding that "claims for fraud and fraud in the inducement sound in tort," and are therefore outside of this Court's jurisdiction).

Finally, Plaintiff alleges a breach of contract, stating that HUD and JP Morgan Chase have failed to lend Plaintiff "lawful money." Although this Court has jurisdiction over certain government contract claims, Plaintiff has failed to allege that he had either an express or implied contract with the Government. <u>See Kam-Almaz v. United States</u>, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (stating that an implied-in-fact contract "requires proof of (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the government in contract" (internal citation and quotation marks omitted)). Because Plaintiff has not alleged facts indicating that he had a contract with the Government, Plaintiff has failed to state a claim for breach of contract.

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

_Mary Ellen Coster Williams_

**MARY ELLEN COSTER WILLIAMS**
**Judge**